35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
C.W.B. CRANE INC.; C.B. Crane Inc.; Glenn Ball,
Plaintiffs-Appellants,
v.
HARTFORD ACCIDENT & INDEMNITY CO., erroneously sued as The
Hartford and Hartford Fire Insurance Company,
Defendant-Appellee.
 No. 93-15388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1994.*
Decided Sept. 15, 1994.
 
 1
 Before: CHOY, NOONAN, Circuit Judges, and MARQUEZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant C.B.W. Crane, Inc. ("Crane") appeals the dismissal of his suit pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted under California law. We affirm.
 
 
 4
 Crane claims that the district court erred when it considered the insurance coverage of CAS & Sons, Inc., d/b/a Auto Sports Towing ("CAS & Sons"), in determining that Crane's underinsurance coverage under a policy provided by Hartford Accident & Indemnity Company ("Hartford") does not apply. Crane sued CAS & Sons in state court, and then settled the suit for less than the limits of CAS & Sons' liability policy. However, the settlement agreement was worded to state that the settlement was not made on the basis of liability. Nonetheless, the settlement constituted a waiver of any rights of Crane against CAS & Sons resulting from the accident in question.
 
 
 5
 Crane is correct that if CAS & Sons were not the cause of the accident, and had no liability, the limit of their insurance coverage would be irrelevant to the determination of the applicability of Crane's underinsurance coverage. See Royal Ins. Co. v. Cole, 16 Cal.Rptr.2d 660, 666 n. 3 (Ct.App.1993). However, under California's underinsurance law, and the policy underlying that law, Crane's settlement with CAS & Sons precludes revisiting whether CAS & Sons was a cause of the accident.
 
 
 6
 Cal.Ins.Code Sec. 11580.2(p)(3) determines the applicability of underinsurance motorist coverage. "[B]efore underinsurance motorist coverage applies, the insured must either settle or reach a judgment in the amount of the limits of the tortfeasor's policy." Hartford Fire Ins. Co. v. Macri, 14 Cal.Rptr.2d 813, 819 (1992). Crane argues that there must first be a determination of legal liability in order to consider the policy limit of CAS & Sons.
 
 
 7
 However, we find that Crane's action in settling its claim with CAS & Sons estops Crane from asserting that CAS & Sons was not liable.[1] By settling with CAS & Sons, Crane has compromised Hartford's right to seek reimbursement or credit of CAS & Sons' payment to Crane. To force Hartford to litigate or arbitrate whether or not CAS & Sons was legally liable would place an unfair burden on Hartford, and potentially provide a windfall to Crane. If it were determined that CAS & Sons was not liable, then Hartford would have to provide coverage for Crane, but would be unable to receive credit for the contribution of CAS & Sons under Sec. 11580(p)(4). The result would be that Crane would receive the full amount of coverage from Hartford for injuries, but would also receive an extra $12,500 from CAS & Sons due to the same accident.
 
 
 8
 One policy behind California's insurance scheme is to prevent double recoveries. See id. at 819. Because underinsurance coverage does not apply by law until the insured has either settled or obtained judgement in the amount of the limit of the tortfeasor's policy, California's courts have found that the consent to settle requirement found in uninsured motorist coverage does not apply to underinsurance coverage. Id. To allow an insured to settle with a party and then claim that party was not a tortfeasor would thwart the policy against double recoveries contained in California's insurance code.
 
 
 9
 The district court correctly found that Crane is not "entitled to two bites of the same apple."
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 Honorable Alfredo C. Marquez, Senior U.S. District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Crane's contention that it is against public policy to base the denial of coverage on a prior settlement is contrary to both the statute itself, which specifically defines the applicability of coverage as based on either a judgement or a settlement, see Cal.Ins.Code Sec. 11580.2(p)(3), as well as case law interpreting it. See Hartford, 14 Cal.Rptr.2d at 819. Similarly, Crane's contention that under Cal.Ins.Code Sec. 11580.2(p)(4) the term "legally liable" requires a decision by a trier of fact is contrary to the statutes' use of a settlement to exhaust a tortfeasor's liability policy under Sec. 11580.2(p)(3). While "liable" is defined by Webster's Seventh New Collegiate Dictionary as "obligated according to law or equity", settlements are enforceable at law and therefore create a legal obligation